UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LORRAINE TEEL,                         )
                                       )
            Plaintiff,                 )
                                       )          CIVIL ACTION NO.
VS.                                    )
                                       )          3:15-CV-2593-G
DELOITTE & TOUCHE LLP,                 )
                                       )
            Defendant.                 )
                                       )

MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion to dismiss the plaintiff's business

disparagement claim under Rule 12(b)(6) (docket entry 7).  For the reasons stated

below, the defendant's motion to dismiss is granted, with leave to the plaintiff to

amend her claim.

I.  BACKGROUND

A.  Factual Background

The plaintiff, Lorraine Teel ("Teel"), worked for the defendant, Deloitte &

Touche LLP ("Deloitte"), for roughly ten years as a senior manager and practice

leader from July 1994 until March 2002, and from January 12, 2012 until May 30,

2014, when she was fired.  Teel's Original Petition ("Original Petition") ¶¶ 10-12
(docket entry 1-1).  Teel was "the national real estate risk advisory practice leader
under financial services within the audit practice."  *Id.* ¶ 13.  She alleged that
"Deloitte refused to promote her" and instead "took her entire portfolio of business
and gave it to a male" coworker, the defendant Guy Langford ("Langford").  *Id.* ¶ 19.
According to Teel, Deloitte removed its support for her, refused her any contact with
clients and partners, *id.* ¶ 20, and "intimated that a man has greater potential to earn
money for the company than a woman with [the] same education and background."
*Id.* ¶ 21.  Deloitte allegedly complained that Teel failed to bring in business.  *Id.* ¶ 20.

Subsequently, Teel complained to her supervisors regarding the allegedly
discriminatory treatment.  *Id.* ¶ 21.  Teel averred that Deloitte responded to her
complaint by "reaffirming that she must be sacrificed in order to promote . . .
Langford in her place -- that Deloitte is doing succession planning for him because his
career must grow -- at her expense."  *Id.*  Teel contended that "[i]n support of its [sic]
discriminatory action Deloitte and . . . Langford disparaged [her] calling her
untrustworthy, sloven, lazy, and unproductive."  *Id.*  Allegedly, "Deloitte and . . .
Langford published disparaging words about [her] economic interests," stating that
she "was unreliable and could not be trusted and was not willing to work."  *Id.* ¶ 27.
Teel maintained that the "[d]efendant['s] [sic] disparagement of [her] was based on
his efforts to keep all of her work and contacts and exclude her from any work in his

department." *Id.* ¶ 28.  Shortly after the alleged statements, Deloitte fired Teel on May 30, 2014.  *Id.* ¶¶ 11, 22.

## B. Procedural Background

On June 1, 2015, Lorraine Teel filed this suit seeking damages for business disparagement and gender discrimination against Deloitte and Langford in the 193rd Judicial District Court of Dallas County, Texas.  *Id.*  On August 7, 2015, Deloitte removed the action to this court (docket entry 1).  On August 14, 2015, Deloitte filed this motion to dismiss Teel's business disparagement claim under Rule 12(b)(6) (docket entry 7).  On October 9, 2015, Teel filed a response (docket entry 12) to which Deloitte served a timely reply (docket entry 13).  Langford, the individual defendant, was never served (docket entry 14).  As a result, the court dismissed Teel's claims against Langford without prejudice (docket entry 15).  The motion to dismiss is now ripe for decision.

## II. ANALYSIS

Deloitte argues that Teel's business disparagement claim should be dismissed under Rule 12(b)(6) for failure to state a claim.  *See generally* Deloitte's Motion to Dismiss ("Motion") (docket entry 7).  First, Deloitte argues that Teel's claim is barred by the Texas statute of limitations governing defamation claims.  *Id.* at 3-4.  If the court holds that her claim is barred by the statute of limitations, Deloitte argues, amending the claim would be futile because the statute of limitations has expired.  *Id.*

at 9.  Second, Deloitte urges that Teel's claim should be dismissed because her claims lack sufficient facts to support the required elements that the allegedly disparaging statements were published and resulted in special damages.  *Id.* at 5-7.  Third, Deloitte contends that Teel's claim against it should be dismissed because Teel does not connect the statements to Deloitte's conduct.  *Id.* at 7.  Fourth, Deloitte argues that Teel's claim should be dismissed because the allegedly disparaging statements are inactionable expressions of opinion that refer to plaintiff's personal traits, not her economic interests.  *Id.* at 7-8.  Deloitte does not challenge Teel's claim for gender discrimination under Title VII of the Civil Rights Act of 1964.  *Id.* at 1.

In response, Teel argues that the statute of limitations is not barred because the limitations period for business disparagement is two years.  Teel's Response to Motion to Dismiss ("Response") at 2-3 (docket entry 12).  Additionally, Teel argues that she stated a claim for relief for business disparagement and therefore her claim should not be dismissed.  *Id.* at 3-4.

A.  <u>Legal Standards</u>

1.  *Rule 12(b)(6) Motion to Dismiss Standard*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182

(2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a

defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The

plaintiff must "plead[] factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is

entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)).

The court, drawing on its judicial experience and common sense, must undertake the

"context-specific task" of determining whether the plaintiff's allegations "nudge" her

claims against the defendant "across the line from conceivable to plausible." See *id.*

at 679, 683.

### 2. *Rule 12(b)(6) Dismissal Based on an Affirmative Defense*

"Although dismissal under Rule 12(b)(6) is ordinarily determined by whether

the facts alleged in the complaint, if true, give rise to a cause of action, a claim may

also be dismissed if a successful affirmative defense appears clearly on the face of the

pleadings." *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986); 5B

CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE

AND PROCEDURE § 1357 (3d ed. 2013) ("As the case law makes clear, the complaint

also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the

existence of an affirmative defense that will bar the award of any remedy."). "In the

usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an

affirmative defense because it rarely appears on the face of the complaint." *Simon v. Telsco Industries Employee Benefit Plan*, No. 3:01-CV-1148-D, 2002 WL 628656, at *1 (N.D. Tex. Apr. 17, 2002) (Fitzwater, J.).

Limitations is an affirmative defense. *See* FED. R. CIV. P. 8(c)(1). The affirmative defense of statute of limitations may properly be asserted in a Rule 12(b)(6) motion to dismiss. *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 776 n.3 (5th Cir. 1997); *Kansa Reinsurance Company, Ltd. v. Congressional Mortgage Corporation of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994). Furthermore, "[i]t is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead [it]self out of court." *West Fork Partners, L.P. v. Chesapeake Exploration, L.L.C.*, No. 3:09-CV-0370-D, 2009 WL 2252505, at *5 (N.D. Tex. July 29, 2009) (Fitzwater, Chief J.) (quoting *Funches v. City of Dallas*, No. 3:99-CV-0224-D, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999) (Fitzwater, J.)); *Covington v. Mitsubishi Motor Manufacturing of America, Inc.*, 154 Fed. App'x 523, 524 (7th Cir. 2005) ("[D]ismissal under Rule 12(b)(6) on the basis of an affirmative defense is appropriate only where the plaintiff pleads himself out of court by admitting all the ingredients of an impenetrable defense.") (internal quotations omitted).

Courts apply the statute of limitations strictly, dismissing suits filed even a few days after the limitations date. For example, see *Cochran v. Astrue*, No. 3:11-CV-

1257-D, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, Chief J.)

(dismissing, on a Rule 12(b)(6) motion to dismiss, a suit that was filed ten days after

the statute of limitations expired); *Williamson v. New Times, Inc.*, 980 S.W.2d 706,

710 (Tex. App.--Fort Worth 1998, no pet.) (affirming trial court's grant of summary

judgment barring libel claim filed four days after the one year statute of limitations

expired); *Lowe v. Rivera*, 60 S.W.3d 366, 370-71 (Tex. App.--Dallas 2001, no pet.)

(barring plaintiff's claim filed one day after statute of limitations expired, where the

court was closed the day the statute of limitations expired and the plaintiff tried and

failed to file the petition on the date of closure).

### 3. *Comparing and Contrasting a Business Disparagement Claim and a Defamation Claim*

The general elements of a claim for business disparagement are (1) publication

by the defendant of the disparaging words, (2) falsity, (3) malice, (4) lack of privilege,

and (5) special damages. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170

(Tex. 2003); 67 Tex. Jur. 3d Slander of Title § 4 (2015). "The tort is part of the

body of law concerned with the subject of interference with commercial or economic

relations." *Hurlbut v. Gulf Atlantic Life Insurance Company*, 749 S.W.2d 762, 766 (Tex.

1987). The Restatement identifies the tort by the name "injurious falsehood" and

notes its application "in cases of the disparagement of property in land, chattels, or

intangible things or of their quality." *Id.* (citing Restatement (Second) of Torts

§ 623A, comment a (1977)).

Courts consistently recognize the similarity between an action for business disparagement and an action for defamation. *Hurlbut*, 749 S.W.2d at 766. Both torts involve the imposition of liability for an injury sustained through publication to third parties of a false statement affecting the plaintiff. *Id.* However, the two torts protect different interests. *Id.* The action for defamation protects the personal reputation of the injured party, while the action for business disparagement protects the economic interests of the injured party against pecuniary loss. *Id.*

A claim for business disparagement requires three stringent elements: falsity of statement, fault of the defendant, and proof of special damages. RESTATEMENT (SECOND) OF TORTS § 623A, comment g (1977). Proof of special damages is an essential part of the plaintiff's cause of action for business disparagement. *Hurlbut*, 749 S.W.2d at 767. If the damages alleged are primarily personal and general -- *e.g.*, injury to personal reputation, humiliation, or mental anguish -- then the cause of action is one for libel or slander, although incidental or consequential professional losses are also pleaded and proved. *Williamson*, 980 S.W.2d at 710-11. The requirement goes to the cause of action itself and requires that the plaintiff "establish pecuniary loss that has been realized or liquidated as in the case of specific lost sales." *Hurlbut*, 749 S.W.2d at 767; *see also* 67 TEX. JUR. 3D SLANDER OF TITLE § 2 (2015). However, if the main complaint is a false statement directly injurious to a business interest and the damages alleged and proved are limited to business losses, the claim

may properly be considered business disparagement, although aspects of personal

defamation may be incidentally involved.  See *Williamson*, 980 S.W.2d at 711.

The elements of defamation under Texas law are that:  (1) the defendant

published a statement; (2) that was defamatory concerning the plaintiff; (3) while

acting with malice, if the plaintiff was a public figure, or negligence, if the plaintiff

was a private individual, regarding the truth of the statement.  *Udoewa v. Plus4 Credit

Union*, 754 F. Supp. 2d 850, 866-67 (S.D. Tex. 2010) (citing *WFAA-TV, Inc. v.

McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)), *aff'd*, 457 F.3d 391 (5th Cir. 2012);

*Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995).  A

defamatory statement is one in which the words tend to damage a person's

reputation, exposing him or her to public hatred, contempt, ridicule, or financial

injury.  *Udoewa*, 754 F. Supp. 2d at 867.  Slander is actionable without proof of

special damages, so a plaintiff does not need to prove or allege any specific economic

loss.  *Dwyer v. Sabine Mining Company*, 890 S.W.2d 140, 143 (Tex. App.--Texarkana

1994, writ denied).  Thus, the kind of damages pleaded for is helpful in determining

if the claims for slander and business disparagement are distinguishable.  *Id.*

While a claim for defamation is not subject to the heightened pleading

requirements of Federal Rule of Civil Procedure 9(b), the pleadings for a defamation

claim must be sufficiently detailed to enable the defendant to respond.  See *Jackson v.

Dallas Independent School District*, No. 3:98-CV-1079-D, 1998 WL 386158, at *5

(N.D. Tex. July 2, 1998) (Fitzwater, J.); *Redden v. Smith & Nephew, Inc.*, No. 3:09-CV-1380-L, 2010 WL 2944598, at *5 (N.D. Tex. July 26, 2010) (Lindsay, J.).  To be actionable, a statement must be a factual assertion; expressions of opinion are not actionable.  *Schauer v. Memorial Care Systems*, 856 S.W.2d 437, 447 (Tex. App.--Houston [1st Dist.] 1993, no writ).

### 4.  *Texas Statute of Limitations*

In Texas, slander and defamation actions are governed by a one-year limitations period.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (West 2002). Business disparagement actions are governed by a two-year limitations period when the injury alleged is direct pecuniary loss rather than a personal loss in reputation. See *id.* § 16.003(a) (West Supp. 2010); *Hurlbut*, 749 S.W.2d at 767 (treating business disparagement action as slander action governed by one-year statute of limitations because the plaintiff failed to prove pecuniary loss); *Newsom v. Brod*, 89 S.W.3d 732, 734-35 (Tex. App.--Houston [1st Dist.] 2002, no pet.) (acknowledging that a business disparagement claim has two-year statute of limitations, but upholding application of one-year statute of limitations where injuries were primarily personal rather than relating to interference of commercial or economic relations).

A defamation claim accrues when the words are spoken, and not on the date of the consequences or sequelae.  *Ross v. Arkwright Mutual Insurance Company*, 892 S.W.2d 119, 131 (Tex. App.--Houston [14th Dist.] 1994, no writ); *Kastner v. Kroger*

*Company*, No. 14-11-00445-CV, 2012 WL 4757920, at *4 (Tex. App.--Houston

[14th Dist.] Oct. 4, 2012); *Grogan v. Savings of America, Inc.*, 118 F. Supp. 2d 741,

756 (S.D. Tex.), *aff'd*, 202 F.3d 265 (5th Cir. 1999) (granting motion for summary

judgment because under Texas law, "a one-year statute of limitations applies to

defamation claims, with [the] claim accruing when the words are spoken and the

injury occurs"); *Martinez v. Hardy*, 864 S.W.2d 767, 774 (Tex. App.--Houston [14th

Dist.] 1993, no writ).  An injured party may sue for both personal defamation and

business disparagement in the same suit so long as she avoids duplication of damages.

*Gulf Atlantic Life Insurance Company v. Hurlbut*, 696 S.W.2d 83, 97 (Tex. App.--Dallas,

*supplemented*, 749 S.W.2d 96 (Tex. App.--Dallas 1985)), *rev'd on other grounds*, 749

S.W.2d 762 (Tex. 1987).  If the shorter limitation period bars the defamation claim,

it will not bar the disparagement claim so long as the plaintiff does not plead

allegations typical of an action for defamation.  *Id.* at 98.

### B.  Application

#### 1.  *The Plaintiff Fails to State a Claim of Relief for Business Disparagement*

Deloitte contends, for several reasons, that the plaintiff's claim for business

disparagement should be dismissed under Rule 12(b)(6) for failure to state a claim.

First, Deloitte insists that Teel's business disparagement claim is time-barred because

her claim is actually one for defamation and is made outside of the limitations period.

Motion at 3-5.  Second, Deloitte argues that Teel failed to adequately allege that the

statements were published.  Motion at 5-7.  Third, Deloitte contends that Teel failed to adequately allege that the statement resulted in special damages.  *Id.*  Fourth, Deloitte maintains that Teel's business disparagement claim against it should be dismissed because her claim does not challenge its conduct, but only Langford's conduct.  *Id.* at 7.  Fifth, Deloitte argues that Teel's business disparagement claim should be dismissed because the statements are inactionable expressions of opinion that refer to the plaintiff's personal traits, and not her economic interests.  *Id.* at 7-8.

### a.  The plaintiff failed to adequately allege her statements were published

Under both the torts of business disparagement and defamation, the plaintiff must plead and prove that the defendant published the defamatory or disparaging statements.  See *e.g.*, *WFAA-TV, Inc.*, 978 S.W.2d at 571 (defamation); *Forbes Inc.*, 124 S.W.3d at 170 (business disparagement).  To meet this requirement, the plaintiff alleged that, "In support of its [sic] discriminatory action Deloitte and . . . Langford disparaged [Teel] calling her untrustworthy, sloven, lazy, and unproductive." Original Petition ¶ 21.  Further, the plaintiff averred, "Deloitte and . . . Langford published disparaging words about [Teel]'s economic interests.  Specifically Langford, [sic] stated that [Teel] was unreliable and could not be trusted and was not willing to work."  *Id.* ¶ 27.  Deloitte contends that the plaintiff's allegation that the statements were published is inadequate.  Motion at 5-7.

- 13 -

Mere conclusory allegations that supply no facts to support the allegations are inadequate as a matter of law. *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Teel fails to include exactly when, where, and to whom the statements were published. *See* Original Petition. The court is left to surmise that the statements were made prior to Teel's firing, since the statements allegedly were made "[i]n support of [Deloitte's] discriminatory action." *Id.* ¶ 21. While the court is required to make all reasonable inferences possible in support of the plaintiff's claims, conclusory allegations, with no factual content to allow the court to draw reasonable inferences, must be dismissed. *Iqbal*, 556 U.S. at 678. Since a plaintiff is required to plead that the statements were published for either the claim of business disparagement or defamation, the plaintiff's claim for business disparagement, or defamation, is deficient and must be dismissed. See *Desperado Motor Racing & Motorcycles, Inc. v. Robinson*, No. H-09-1574, 2010 WL 2757523, at *3 (S.D. Tex. July 13, 2010) (dismissing defamation and business disparagement claims where plaintiff "failed to plead any facts in support of the publication element of his claims").

b.  The plaintiff failed to adequately allege that the
statements resulted in special damages

While the court could dismiss the plaintiff's claim without prejudice solely on the grounds that the plaintiff failed to adequately plead facts supporting her claim that the statements were published, the court will address all the deficiencies in the plaintiff's claim since it is dismissing her claim without prejudice.  *See* Section II.B.4.

The plaintiff alleged that as a direct cause of the defendant's false statements she has been "unable to find employment" and has "suffer[ed] economical loss." Original Petition ¶ 32.  Further, she alleged that "her ability to find work in her profession ha[s] been directly and proximately harmed by [d]efendant's false statements." *Id.*  Deloitte contends that the plaintiff's claim for business disparagement should be dismissed because she fails to adequately plead that the alleged statements resulted in special damages.  Motion at 5-7.  In response, the plaintiff claims that a plaintiff can recover damages if her business was completely destroyed.  Response at 4 (citing *Hurlbut*, 696 S.W.2d at 99).

"Proof of special damages . . . requires that plaintiff establish pecuniary loss that has been realized or liquidated as in the case of specific lost sales." *Hurlbut*, 749 S.W. 2d at 767 (internal quotations omitted).  The plaintiff has not alleged pecuniary loss that has been realized or liquidated, only that she has been unable to find a job. Original Petition ¶ 32.

Additionally, as in the previous section, the plaintiff only pleads in conclusory terms that she has suffered special damages. *Id.* She asserts that she has been unable to find work, and that she has suffered economic loss, but does not provide any factual content to support those claims. *Id.* ¶ 32; see *Nationwide Bi-Weekly Administration, Inc. v. Belo Corp.*, No. 3:06-CV-0600-N, 2006 U.S. Dist. LEXIS 95243, at *11-14 (N.D. Tex. Oct. 16, 2006) (Godbey, J.) (holding that the plaintiff's business disparagement claim was a claim for defamation for not pleading special damages apart from defamatory reputational injury), *aff'd*, 512 F.3d 137 (5th Cir. 2007); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 959 (E.D. Tex. 2011) (holding, on a Rule 12(b)(6) motion to dismiss, that the mere suffering of lost profits, goodwill and business reputation were insufficient to support a claim for business disparagement). Here, Teel does not allege any specific lost sales, and is not describing a situation where a company is allegedly infringing upon patents, and lost a specific business contract. *Vendever LLC v. Intermatic Manufacturing Ltd.*, No. 3:11-CV-0201-B, 2011 WL 4346324, at *5 (N.D. Tex. Sept. 16, 2011) (Boyle, J.) (holding that the plaintiff's claim was one for business disparagement for pleading special damages since the disparaging statements related to how it was infringing patents, potentially subjecting itself to lost sales and loss of a specific contract); *Marquis v. OmniGuide, Inc.*, No. 3:09-CV-2092-D, 2011 WL 321112, at *9 (N.D. Tex. Jan. 28, 2011) (Fitzwater, Chief J.) (holding that the plaintiff's claim was one for

business disparagement by pleading special damages in the form of a loss of a specific

business contract).  Teel has not pled sufficient factual content necessary to meet the

*Twombly/Iqbal* standard that she suffered special damages resulting from the alleged

statements.  *Barrash v. American Association of Neurological Surgeons, Inc.*, No. 4:13-CV-

1054, 2013 WL 4401429, at *4 (S.D. Tex. Aug. 13, 2013) (dismissing a business

disparagement claim on a Rule 12(b)(6) motion to dismiss for failing to allege

"specific sources of economic loss").  The plaintiff's claim for business disparagement

is deficient and must be dismissed.

> c.  The plaintiff has failed to adequately allege that Deloitte
> published the statement, let alone acted with
> malice, or without privilege

In her petition, Teel asserts, "Deloitte and . . . Langford published disparaging

words about [her] economic interests."  Original Petition ¶ 27.  Then, Teel alleges

that specifically Langford stated that she was "unreliable and could not be trusted

and was not willing to work."  *Id.*  Subsequently, Teel only uses the masculine

singular possessive to describe the defendant who allegedly disparaged her.  See *id.*

¶¶ 27-32; *id.* ¶ 28 ("Defendant['s] [sic] disparagement of Lorraine was based on his

efforts to keep all of her work . . .").

The plaintiff's conclusory allegation that Deloitte disparaged her is insufficient

to connect Deloitte with the publication of the statement, let alone to show that

Deloitte acted with malice, or without privilege.  *Iqbal*, 556 U.S. at 678.  This failure

to adequately allege these essential elements warrants dismissal of the plaintiff's

business disparagement claim against Deloitte.

### d.  The plaintiff's claim relates to inactionable expressions of opinion, not false statements

The allegedly disparaging statements made about the plaintiff are that she was

"untrustworthy, sloven, lazy and unproductive," "was unreliable," and "could not be

trusted and was not willing to work."  Original Petition ¶¶ 21, 27.  Deloitte contends

that these allegedly disparaging statements are "inactionable for purposes of business

disparagement" because they are assertions of opinion.  Motion at 7-8.

Opinions cannot give rise to liability for business disparagement or defamation.

*McConnell v. Coventry Health Care National Network*, No. 05-13-01365-CV, 2015 WL

4572431, at *9 (Tex. App.--Dallas July 30, 2015, no pet.) (business disparagement);

*Schauer*, 856 S.W.2d at 447 (defamation).  To be actionable, a statement must assert

an objectively verifiable fact.  *American Heritage Capital, LP v. Gonzalez*, 436 S.W.3d

865, 874-75 (Tex. App.--Dallas 2014, no pet.).  Here, the allegedly disparaging

statements are opinions relating to the quality of employee Teel was for Deloitte, and

cannot be proven or disproven.  *See* Original Petition ¶¶ 21, 27; see also *Kirkland v.*

*Racetrac Petroleum, Inc.*, No. 3:13-CV-1754-N, 2014 WL 982852, at *3 (N.D. Tex.

Mar. 13, 2014) (Godbey, J.) (dismissing business disparagement claim partially on

the basis that the defendant's statements that an employee "had bad customer service

and did not work to company standards" were not "disparaging words referring to

[the employee's] economic interests") (citing *Hurlbut*, 749 S.W.2d at 766); *Robertson v. Southwestern Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 902 (Tex. App.--Dallas 2006, no pet.) (holding that the statement that the plaintiff was "incompetent" is an opinion, not a fact).  While the statements about Teel are negative, they are not actionable.  *Morris v. Blanchette*, 181 S.W.3d 422, 425 (Tex. App.--Waco 2005, no pet.) (holding that the statement that the doctor's surgical procedures were "totally unreasonable and substantially failed to meet the professional, recognized standards" is an opinion).  Thus, even if the plaintiff adequately alleged that Deloitte published the statements, her failure to adequately allege objectively false statements, let alone false statements relating to Teel's economic interests, warrants dismissal of the plaintiff's business disparagement claim.

 2.  *Therefore, the Plaintiff's Claim is Interpreted as a Defamation Claim*

 The defendant contends that although the plaintiff labels her claim as one for business disparagement, her claim should be interpreted as a defamation claim. Motion at 3-4; Deloitte's Reply in Support of its Motion to Dismiss ("Reply") at 4-6 (docket entry 13).

 The Supreme Court of Texas, several other Texas state courts, and federal courts interpreting Texas state law have interpreted plaintiffs' business disparagement claims as defamation claims.  See *e.g.*, *Hurlbut*, 749 S.W.2d at 766-67; *Newsom*, 89 S.W.3d at 734-35; *Marquis*, 2011 WL 321112, at *9.  Courts must focus on "the

substance of the relief sought and the allegations pleaded, not on the label used."

*Gearlds v. Entergy Services, Incorporated*, 709 F.3d 448, 452 (5th Cir. 2013) (citing

*Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).  To

determine whether Teel's cause of action is one for defamation or business

disparagement, the court must review the factual allegations contained within her

pleadings, the evidence adduced in support of those allegations, and the type of

damages alleged and proved.  *Hurlbut*, 696 S.W.2d at 97.  In *Hurlbut*, 749 S.W.2d at

766, the Texas Supreme Court established the rule for determining whether a suit

was one for defamation or business disparagement in the context of a motion for

summary judgment.  Texas civil procedure does not contain a rule that functions

precisely as FED. R. CIV. P. 12(b)(6).  Thus, in applying federal civil procedure to this

substantive state law question, federal courts have determined that under a Rule

12(b)(6) standard of review, the court must determine "whether the gravamen of the

damages alleged . . . is personal or pecuniary."  *Marquis*, 2011 WL 321112, at *5

(citing *Hurlbut*, 749 S.W.2d at 766-67); *Nationwide Bi-Weekly Administration, Inc. v.*

*Belo Corp.*, 512 F.3d 137, 146-47 (5th Cir. 2007) (affirming the dismissal of a

complaint under Rule 12(b)(6) where the plaintiff failed to allege any specific

economic loss and "failed to provide any meaningful basis upon which to distinguish

[a business disparagement] claim from the defamation claim"); *Williamson*, 980

S.W.2d at 710-11 (holding that a claim for business disparagement was in reality a

claim for defamation where the damages alleged were primarily personal and general, such as "injury to personal reputation, humiliation, or mental anguish," even though incidental or consequential professional losses were also pleaded and proved).

As addressed above, the plaintiff asserts that she has suffered special economic damages because she has been "unable to find employment" and she has "suffer[ed] economical loss." Original Petition ¶ 32. Also, in her response to Deloitte's Rule 12(b)(6) motion to dismiss, the plaintiff contends that "her business was completely destroyed." Response at 4. Texas courts have interpreted these types of injuries as relating to personal reputation rather than as injuries to business or property interests.

In *Hurlbut*, the Texas Supreme Court held that damages to personal reputation and humiliation are not damages allowed by the law for business disparagement. *Hurlbut*, 749 S.W.2d at 766. Further, the court affirmed the Texas court of appeal's decision that held that a loss of earnings by a plaintiff do not amount to pecuniary loss protected under business disparagement. *Hurlbut*, 696 S.W.2d at 99. Pecuniary loss requires loss of profits to business, or loss of property interest. *Hurlbut*, 749 S.W.2d at 767. Teel argues that these statements completely destroyed her business. Response at 4. Yet, when the court in *Hurlbut*, 696 S.W.2d at 98-99 (citing *Sawyer v. Fitts*, 630 S.W.2d 872, 873-74 (Tex. App.--Fort Worth 1982, no writ)), held that complete destruction of business would amount to pecuniary loss, it referred to a case

where the disparagement destroyed a business (a men's clothing store), which had a quantifiable market value, not an individual's loss of earnings.

Further, "the communication must play a substantial part in inducing others not to deal with a plaintiff, with the result that special damage, in the form of the loss of trade or other dealings, is established." *Newsom*, 89 S.W.3d at 735 (internal citations omitted). In *Newsom*, the court held that the plaintiff's claim was one for defamation or slander because it focused on damages to his reputation, and he failed to allege harm to a business or property interest. *Id.*

In *Willamson*, the *New York Times* published an article detailing a teacher who had made racist comments to students, and lied in her application to be a teacher, discrediting her knowledge, and questioning her mental health. *Williamson*, 980 S.W.2d at 708-09. The plaintiff brought a business disparagement claim against the newspaper. *Id.* at 710-11. The trial court held, and the appellate court affirmed, that the claim was really one for libel and slander, and not business disparagement because the harm alleged related to personal reputation, not an economic interest. *Id.* Just as the plaintiff in *Williamson*, the plaintiff here failed to allege an economic interest that was damaged apart from the harm to her personal reputation that might also affect her ability to obtain a job. Original Petition ¶ 32.

Further, Teel's claim for business disparagement is distinguishable from other cases in which courts have utilized this analysis and held that the claim is one for

business disparagement.  In *Dwyer*, 890 S.W.2d at 143, for example, the court held that the plaintiff had adequately alleged economic damages because he alleged the loss of a specific contract and loss of commissions resulting from statements made by the publisher at a meeting with the offeree and the plaintiff.  In *Marquis*, 2011 WL 321112 at *2, a corporation brought a business disparagement counterclaim to recover from the plaintiff for directly interfering with its business.  Chief Judge Fitzwater noted that the corporation did not allege any injury to reputation or any humiliation.  *Id.* at *5.  The defendant's only alleged injury was that the plaintiff "disparaged OmniGuide, thereby interfering with and diverting away OmniGuide's business."  *Id.* at *6.  Therefore, Chief Judge Fitzwater held, the two year statute of limitations for a business disparagement claim applied because the gravamen of the damages alleged were damage to business rather than personal, reputational injury. *Id.*

Teel does not allege economic damages, like loss of a contract, or interference with business, or loss of profits resulting from the allegedly disparaging statements. Teel only alleges injuries relating to her inability to get a job, or her conclusory allegation that she suffered economic loss.  Original Petition ¶ 32.  All the statements relate to her reputation and abilities.  *Id.* ¶¶ 21, 27.  Therefore, the court concludes that Teel's claim for business disparagement is a claim for defamation because she alleges only personal injuries resulting from humiliating or negative reputational

statements and she did not plead any specific pecuniary loss relating to a business interest.  See *Mayfield v. Fullhart*, 444 S.W.3d 222, 230-31 (Tex. App.--Houston [14th Dist.], pet. denied); *Nationwide Bi-Weekly Administration, Inc.*, 2006 U.S. Dist. LEXIS 95243, at *14 (holding that because the company complaining the plaintiff's statement "demean[ed] the quality and value" of its services failed to assert any specific economic loss as part of its business disparagement claim, the claim was one for defamation).

### 3.  *A Defamation Claim Has a One Year Statute of Limitations, and Therefore, the Plaintiff's Claim is Time-Barred*

Since Teel's claim is a defamation claim, the court must apply the Texas state law governing defamation claims.  *Davis v. Kroger Co.*, No. 3:07-CV-1130-L, 2008 WL 904722, at *3 (N.D. Tex. Mar. 31, 2008) (Lindsay, J.).  Texas state law defamation claims are governed by a one year statute of limitations.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.002.

Teel does not allege specifically when Deloitte or Langford published the purportedly disparaging or defamatory statements.  Teel does, however, state that the alleged statements were published "in support of its discriminatory action."  Original Petition ¶ 21.  Teel was fired on May 30, 2014.  *Id.* ¶ 11.  Therefore, interpreting the facts alleged by Teel in the light most favorable to her, the latest the statements could have been published was on May 30, 2014.  Teel filed her complaint on June 1,

2015, one year and two days after the claim of action for defamation accrued.  *See*

Original Petition.

Since Teel filed her complaint over one year after the claim of action accrued,

her defamation claim is time barred.  *Williamson*, 980 S.W.2d at 710-11 (the plaintiff

could not avoid the application of the one-year statute of limitations simply by

alleging that her cause of action is one controlled by the two-year statute of

limitations if "the primary gravamen of the tort [alleged] is an injury to [her] personal

reputation") (internal quotations omitted); *Nationwide Bi-Weekly Administration, Inc.*,

512 F.3d at 146-47 (applying the holding in *Hurlbut*, 749 S.W.2d at 766-67, to

dismiss a claim under Rule 12(b)(6) where the plaintiff failed to allege any specific

economic loss and "failed to provide any meaningful basis upon which to distinguish

[the business disparagement] claim from the defamation claim"); *Stewart v. Cleburne*

*Police Department*, No. 3:08-CV-0230-G, 2008 WL 4454048, at *3 (N.D. Tex. Oct. 3,

2008) (Fish, J.) (dismissing slander claim filed three days after one-year statute of

limitations expired).

The bar of the statute of limitations is an affirmative defense.  *See* FED. R. CIV.

P. 8(c)(1); *Songhyrd, Inc.*, 104 F.3d at 776 n.3.  Dismissal at the Rule 12(b)(6) stage is

improper unless the plaintiff "has pleaded [her]self out of court by admitting to all of

the elements of the defense."  *Marquis*, 2011 WL 321112, at *6; *West Fork Partners*

*L.P.*, 2009 WL 2252505, at *5 (citing *Funches*, 1999 WL 261842, at *2); *Covington*,

154 Fed. App'x at 524-25.  The plaintiff's complaint, interpreted in the light most

favorable to her, admits all the elements of the statute of limitations since her

complaint was filed on June 1, 2015, and the cause of action accrued at the latest on

May 30, 2014.  Original Petition ¶ 11, 21.  Therefore, the court concludes that her

claim for defamation must be dismissed under Rule 12(b)(6) for failure to state a

claim upon which relief may be granted.

### 4. *However, the Plaintiff is Granted Leave to Amend*

The defendant requests that the court dismiss the plaintiff's defamation claim

with prejudice, contending that an amendment would be futile since the claim is

barred by the statute of limitations, and the plaintiff failed to seek an amendment as

a matter of right when she could.  Motion at 9.

First, a plaintiff's failure to seek an amendment as a matter of course does not

prevent the plaintiff from being able to amend her complaint after the court dismisses

the complaint for the first time under a Rule 12(b)(6) motion to dismiss.  *Shull v.*

*Pilot Life Insurance Company*, 313 F.2d 445, 446-47 (5th Cir. 1963) (holding that

dismissal of complaint with prejudice on the "basis of bare bones pleadings is a

tortuous thing"); *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212 (5th Cir.

1976) (holding that dismissal with prejudice is a "severe sanction" that should "be

used only in extreme circumstances"); *Lyn-Lea Travel Corp. v. American Airlines, Inc.*,

283 F.3d 282, 286 (5th Cir.), *cert. denied*, 537 U.S. 1044 (2002) ("Whether leave to

amend should be granted is entrusted to the sound discretion of the district court.")
(internal quotations omitted). Most cases affirming dismissals with prejudice involve
"at least one of three aggravating factors: '(1) delay caused by [the] plaintiff [her]self
and not [her] attorney; (2) actual prejudice to the defendant; or (3) delay caused by
intentional conduct.'" *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir.
1992) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)); *Webb v.
Morella*, 457 F. App'x 448, 453 (5th Cir. 2012). None of those aggravating factors
are present here. Further, the "Federal Rule of Civil Procedure 15(a) requires the trial
court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in
favor of granting leave to amend.'" *Lyn-Lea Travel Corp.*, 283 F.3d at 286 (internal
quotations omitted).

     Generally, an amendment to a complaint is futile where the claim is barred by
the statute of limitations. *Whitt v. Stephens County*, 529 F.3d 278, 282-83 (5th Cir.
2008) (holding that because the claims are time-barred an amendment to the
complaint would have been futile). If a shorter limitation period bars a defamation
claim, however, the statute of limitations governing the defamation claim will not bar
a plaintiff's claim for business disparagement "so long as the plaintiff does not plead
allegations typical of an action for defamation." *Dwyer*, 890 S.W.2d at 142-43 (citing
*Hurlbut*, 696 S.W.2d at 98). Therefore, if the plaintiff were to adequately allege a
claim for business disparagement, her claim would not be time barred because a claim

for business disparagement has a two year statute of limitations.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.003.  Thus, an amendment to her complaint would not be futile. *Encompass Office Solutions, Inc.*, 775 F. Supp. 2d at 959 (dismissing business disparagement claim without prejudice, permitting plaintiff an opportunity to amend its complaint to adequately plead special damages).

While an amendment is not futile, the plaintiff's claim here has been dismissed for several deficiencies.  The gravamen of the claim, as presently pled, is for defamation, and therefore the plaintiff must plead with particularity a claim for business disparagement that not only alleges each element of a business disparagement claim, but also provides sufficient factual support.  See *Marquis*, 2011 WL 321112, at *5.  Since the plaintiff's present business disparagement claim failed to adequately allege that the statements were published, that the statements were false and were not opinions, that the statements were made with malice, that the statements were made by Deloitte, and that the statements caused her economic damages, the plaintiff may not have a claim for business disparagement.  Out of an abundance of caution, however, the court will give the plaintiff a further opportunity to remedy the defects identified above.

## III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss the plaintiff's claim for business disparagement is **GRANTED**, and the plaintiff's claim of business

disparagement is **DISMISSED** without prejudice.  The plaintiff is granted leave to amend her complaint to adequately plead a claim for business disparagement, provided that she does so no later than **January 13, 2016**.

      **SO ORDERED**.

December 29, 2015.

_A. Joe Fish_
**A. JOE FISH**
**Senior United States District Judge**

- 29 -